UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE SANCHEZ AND
ANTONIO MEJIA PALACIO,                          Civil Action No.

                        Plaintiff,

   -against-

OCEANSIDE FIRST CLASS ROOFING, INC., and
ETHAN SAGE,
                        Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiffs, Jose Sanchez and Antonio Mejia Palacio, as and for their Complaint against Defendants, Oceanside First Class Roofing, Inc. and Ethan Sage, ("Defendants") respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Jose Sanchez ("Sanchez"), was employed by Defendants as a roofer from on or about October 2003 until on or about December 2015.

6. Plaintiff, Antonio Mejia Palacio ("Palacio"), was employed by Defendants as a roofer from on or about October 2006 until on or about December 2015.

7. Defendant, Oceanside First Class Roofing, Inc. ("Oceanside"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, Oceanside operates a roofing company located at 3072 Brower Avenue, Oceanside, New York.

9. Upon information and belief, Defendant, Ethan Sage, is a resident of the State of New York.

10. At all relevant times, Ethan Sage was and still is a corporate officer of Oceanside. Upon information and belief, at all times relevant, Ethan Sage exercised operational control over Oceanside, controlled significant business functions of Oceanside, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Oceanside First Class Roofing, Inc. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Ethan Sage has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

11. At all times relevant to this action, Sanchez was employed as a roofer for the benefit of and at the direction of defendants.

12. Sanchez's responsibilities included installing roofing, general clean ups, and trash removal.

13. During the last 6 years of his employment, Sanchez generally worked Monday through Friday every week; Sanchez also worked 2 Saturdays and 2 Sundays each month.

14. During this time, Sanchez's work schedule was as follows: Monday through Friday from 6:00 a.m. until 6:00 p.m. and sometimes later; Sanchez worked two Saturdays and Sundays each month from approximately 6:00 a.m. until approximately 6:00 p.m.

15. During this time, Sanchez took a half hour lunch break each day.

16. During this time, Sanchez worked 57.5 hours each week that he worked 5 days and 80.5 hours each week that he worked 7 days.

17. During this time, Sanchez was paid in cash.

18. During this time, Sanchez was paid by the day.

19. At all times relevant to this action, Palacio was employed as a roofer for the benefit of and at the direction of defendants.

20. Palacio's responsibilities included installing roofing, general clean ups, and trash removal.

21. During his employment up until 2014, Palacio generally worked 6 days a week.

22. During this time, Palacio's work schedule was as follows: Monday through Saturday from approximately 6:00 a.m. until approximately 6:00 p.m.

23. During this time, Palacio took a half hour lunch break each day.

24. During this time, Palacio worked approximately 69 hours a week.

25. During this time, Palacio was paid in cash.

26. During this time, Palacio was paid by the day.

27. During their employment, defendants did not pay Plaintiffs' overtime compensation.

28. During their employment, defendants did not pay Plaintiffs one and a half times their regular rate of pay when they worked more than 40 hours each week.

29. During the course of Plaintiffs' employment, Defendants failed to maintain accurate time records for the hours that plaintiffs worked.

30. Defendants managed Plaintiffs' employment, including the amount of overtime worked.

31. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

32. Defendants were aware of Plaintiffs' work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time under the law.

33. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

34. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

35. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

36. The Defendants was and is subject to the overtime pay requirements of the FLSA because said Defendants are enterprises engaged in commerce or in the production of goods for commerce.

37. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2015, 2014, and 2013 was not less than $500,000.00.

38. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

39. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

40. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay plaintiffs overtime compensation as required by the FLSA.

41. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

42. However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

43. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

44. Defendants have not acted in good faith with respect to the conduct alleged herein.

45. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

46. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

47. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

48. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

49. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Articles.

50. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty hours a week for defendants.

51. Plaintiffs are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

52. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

53. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL FAILURE TO PROVIDE WAGE NOTICES

54. Defendants willfully failed to furnish Plaintiffs with wage notices during the entirety of their employment, including the dates of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

55. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

56. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL FAILURE TO PROVIDE WAGE STATEMENTS

57. Defendants willfully failed to provide Plaintiffs written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

58. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

59. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiffs;

4. Willfully violated the overtime wages of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
April 26, 2016

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Oceanside First Class Roofing Inc.** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Oceanside First Class Roofing Inc.** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_Jose A Sanchez  2/23/16_
Firma (Signature)

_____
Jose Sanchez

_____
13 William St

_____
Roosevelt, NY,

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Oceanside First Class Roofing Inc.** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Oceanside First Class Roofing Inc.** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date: 3-2-2016

*Antonio mejia palacios*
Firma (Signature)

Antonio Mejia Palacios

9 St. Pauls Rd.N Apt 1F

Hempstead, NY,