# Lee R. Pearlman

 *Attorney at Law*

Telephone (5 16) 353-8481                    Facsimile (516) 307-1551

## 54 Blydenburgh Road
## Centereach, New York 11720
Email Address: leerpearlmanesq@aol.com

Honorable District Court Judge Dennis R. Hurley
US District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
(By ECF Filing and by regular mail)

July 19, 2019

Re: Sanchez and Palacio v First Class Home Improvement, *et al*
Case no: 2:16-cv-02064-DRH-ARL; Defendant's Response to DE
51, requesting answers to questions to be briefed with respect to
Plaintiff's Objections to the Recommendations & Report of
Magistrate Judge Arlene R. Lindsay dated May 9, 2019 [D.E.  48].

Dear Judge Hurley: This office represents Defendants in the above referenced matter. This letter

is submitted in response to Docket Entry #51 dated July 2, 2019, requesting the parties answer

three (3) questions and brief the issues.

## **PRELIMINARY STATEMENT**

Defendants submit this letter setting forth a brief statement of the relevant law in accordance

with, and answering the questions set forth in an Order dated July 2, 2019, issued by the Honorable

Dennis R. Hurley, United States District Judge.

1

## QUESTIONS PRESENTED

(1) Given that the application for attorneys' fees is based on a New York statute (NY Labor Law § 198), under the principles set forth in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938), should this Court apply New York law with regard to that application (as opposed to federal law)?

(2) Assuming New York law should apply, what are the relevant principles with respect to determining an attorneys' fee application, where, as here, plaintiff prevailed only on its wage statement claim and not on its overtime or wage notice claims?

(3) What affect, if any, does the recent decision in *O'Donnell v. JEF Golf Corp*., 2019 WL 2528630 (3d Dept. June 20, 2019) have on the pending application for attorneys' fees?

## ANSWER TO QUESTION (1)

**1.**   Since the decision in *Erie R.R. Co. v. Tompkins,* 304 U. S. 64 (1938*), federal courts are bound **in diversity cases** to follow state rules of decision in matters which are "substantive" rather than "procedural," or where the matter is "outcome determinative."  *See*, *Prima Paint Corp*. v. *Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404-405 (1967); (citing) *Guaranty Trust Co.* v. *York,* 326 U. S. 99 (1945). *See also, Walker v. Armco Steel Corp*., 446 U.S. 740 (1980).

This is not a diversity action. Therefore, strictly speaking, *Erie R. Co. v. Tompkins*, *supra,* is not directly applicable.

However, it is the long-established policy of the Congress, as expressed in the Rules of Decision Act, 28 U. S. C. § 1652 that in the absence of federal requirements such as the Constitution or Acts of Congress, the "laws of the several states . . . shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." The US Supreme Court has held that

judicial decisions are "laws of the . . . state" within the section. *Erie R. Co.* v. *Tompkins, supra; Cohen* v. *Beneficial Loan Corp.,* 337 U. S. 541 (1949); *King* v. *Order of Travelers,* 333 U. S. 153 (1948). *Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967).

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  *Kolari v. N.Y. Presbyterian Hosp*., 455 F.3d 118, 122 (2d Cir. 2006).

As the Supreme Court stated in discussing § 1367's predecessor judicial doctrine of pendent jurisdiction, however, this is traditionally "a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, (1988). Subsection (c) of § 1367 "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). Of some relevance here, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional "values of judicial economy, convenience, fairness, and comity," *Cohill,* 484 U.S. at 350, 108 S.Ct. 614, in deciding whether to exercise jurisdiction. See *Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 446-47 (2d Cir.1998).

Under *Gibbs,* a federal court was to consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and **comity** in order to decide

whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. *Carnegie-Mellon University v. Cohill*, *supra,* 484 US at 350. (Emphasis Added).

As articulated by *Gibbs,* the doctrine of pendent jurisdiction was a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values. *Carnegie-Mellon University v. Cohill*, *supra,* 484 US at 350. Thus, since this Court has retained supplemental jurisdiction over the only successful claim, a New York Labor Wage Statement/Notice claim, in the interests of comity, this Court has the discretion required to apply New York Law as a basis to deny Plaintiffs any award of attorney's fees.

At bar, this Court has already dismissed, after trial, all of plaintiffs' Federal claims, and all of plaintiffs' directly related NY State Labor Law Claims. Only one of plaintiffs' NY Labor Law Wage Notice/Statement claims remain, which is the sole claim on which this Court awarded the Statutory Maximum recovery of $ 5,000 to plaintiff Sanchez and $ 2,500 to plaintiff Palacio.

Clearly at bar, where plaintiffs have lost all of their federal claims, they are not prevailing parties as to those claims dismissed and are not entitled to any attorneys' fees for such dismissed claims under Federal Law. See, e.g., *White v. White Rose Food,* 237 F.3d 174, 184 (2d Cir. 2001)[Sotomayor, J.]. "The term `prevailing party' [does not] authorize federal courts to award attorney's fees to a plaintiff who, by simply…" files " a nonfrivolous but nonetheless potentially meritless lawsuit …" *Care Home, Inc. v. W. Virginia Dep't. of Health and Human Res*., 532 U.S. 598, 606 (2001) . Under these circumstances, the District Court has discretion to consider the fact that plaintiff pled "an overbroad case that he had no realistic expectation of ultimately proving" in measuring the plaintiff's degree of success and adjusting the lodestar to award a reasonable fee.

4

*Green v Torres,* 361 F.3d 96, 112 (2d Cir. 2004). At bar, where plaintiffs have filed "bogus" claims, they certainly should not be rewarded with attorney's fees.

At bar, the sole remaining claim is strictly a claim under New York Labor Law ("NYLL") and there is no parallel Federal Law claim. It is therefore self-evident that **only** New York law can apply to determine legal fees, if any, on such NYLL wage statement/notice claim, and whether or not plaintiffs qualify as prevailing parties under New York Law in order to even be eligible for a possible award of attorney's fees on such claim.

In this regard, Federal Courts have routinely applied NYLL in determining claims for attorney's fees made thereunder. *See, e.g., Canet v. Gooch Ware Travelstead*, 917 F.Supp. 969, 995-996 (E.D.N.Y.1996).There is nothing novel about doing so, and this Court should not hesitate in doing so to apply *O'Donnell v. JEF Golf Corp.*, 2019 WL 2528630 (3d Dept. June 20, 2019) to deny plaintiffs any attorneys' fees.

## ANSWER TO QUESTIONS 2 & 3

**2&3.**    New York Law provides that attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule. *Hooper Associates, Ltd.* v. *AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (N.Y. 1989) (*citing Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 N.Y.2d 1, 5 (1986); *Mighty Midgets v Centennial Ins. Co.*, 47 N.Y.2d 12, 21-22 (1979); *City of Buffalo v Clement Co.*, 28 N.Y.2d 241, 262-263 (1971); *Flemming v Barnwell Nursing Home & Health Facilities, Inc.,* 15 NY3d 375, 379 [2010]; *DKR Mtge. Asset Trust I v Rivera,* 130 AD3d 774, 776 [2d Dept 2015].

*O'Donnell v. JEF Golf Corp.*, 2019 WL 2528630 (3d Dept. June 20, 2019), held, in part, that because the employee was **not** successful as to the central relief sought, he was not entitled to counsel fees as the prevailing party because he alleged four distinct claims against the former employer and requested damages totaling approximately $171,000, but was only awarded a total of $2,500 on his claim that the employer failed to provide him a wage statement, NYLL § 195(3).

In *O'Donnell*, a case practically identical to that at bar, before the Third Department of the Appellate Division, Plaintiff asserted that he was entitled to counsel fees based upon the trial Court's finding that defendants failed to provide a wage statement notice as required by NYLL § 195 (3). The Court stated " '[O]nly a prevailing party is entitled to recover an attorney's fee' and[,] **'[t]o be considered a prevailing party, a party must be successful with respect to the central relief sought'"** (*Village of Hempstead v Taliercio*, 8 AD3d 476, 476, 778 N.Y.S.2d 519 [2004], quoting *Fatsis v 360 Clinton Ave. Tenants Corp*., 272 AD2d 571, 571, 709 N.Y.S.2d 421 [2000]). "Such a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (*DKR Mtge. Asset Trust 1 v Rivera,* 130 AD3d 774, 776, 14 N.Y.S.3d 414 [2015] [internal quotation marks, brackets and citation omitted]).[1] Plaintiff alleged four distinct claims against defendants - they failed to pay him overtime compensation, they failed to pay him spread of hours wages, they failed to provide him with wage notice and wage statements, and they failed to reimburse expenses. Although plaintiff requested damages totaling approximately $171,000, he was only awarded a total of $2,500 on his claim that defendants failed to provide him a wage statement. As such, plaintiff was not successful to the central relief sought and, thus, was not entitled to counsel fees (see *Blue Sage Capital, L.P.*

---

[1] This is sometimes referred to as the "true scope test." *See*, *Excelsior 57th Corp. v Winters*, 227 AD2d 146, 147 [1996]); *Solow v Wellner*, 205 AD2d 339, 340, affd 86 N.Y.2d 582.

*v Alfa Laval U.S. Holding, Inc.*, 168 AD3d 645, 646-647, 92 N.Y.S.3d 268 [2019], lv denied NY3d    , 2019 N.Y. LEXIS 1343 [May 9, 2019]; *Village of Hempstead* v *Taliercio*, 8 AD3d at 476).” (Emphasis Added).

In the seminal case, *Nestor v McDowell,* 81 NY2d 410 [1993]), the New York Court of Appeals announced the rule that under New York's Real Property Actions and Proceedings Law (“RPAPL”) in certain summary proceedings to recover possession of leased premises “Ordinarily, only a prevailing party is entitled to attorney's  fees (*see*, <u>Hooper Assocs. v AGS Computers</u>, 74 <u>N.Y.2d 487, 491</u>; *Matter of* <u>A. G. Ship Maintenance Corp. v Lezak</u>, 69 N.Y.2d 1, 5; <u>Mighty Midgets</u> <u>v Centennial Ins. Co.</u>, 47 N.Y.2d 12, 21; <u>City of Buffalo v Clement Co.</u>, 28 N.Y.2d 241, 263). Inasmuch as plaintiff has not prevailed with respect to the central relief sought, that is, a possessory judgment, we conclude that she is not entitled to attorney's fees under the facts and circumstances of this case.”

In *O'Donnell,* the Appellate Division Third Department extended the rational in *Nestor v McDowell,* to wage claims and wage statement/notice claims under NYLL. In doing so, the Court applied case law under one New York fee shifting statute, the RPAPL to a case under the NYLL. This is much the same thing that Federal Courts have done in applying case law from one fee shifting statute to another (such as applying law governing attorney's fees in 1983 actions to actions under the FLSA.)

In *Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc.*, *supra*, the Court stated that under New York Law “Given the mixed results of this case, the court properly concluded that neither party had substantially prevailed on the central claims advanced and that therefore neither was entitled to attorneys' fees (*see* <u>Sykes v RFD Third Ave. I Assoc., LLC,</u> 39 AD3d 279 [1st Dept

2007]; *see also* <u>Berman v Dominion Mgt. Co.,</u> 50 AD3d 605 [1st Dept 2008]; <u>Pelli v Connors, 7</u>
<u>AD3d 464</u> [1st Dept 2004]).”

While it is true under New York law that a party's victory need not have been total for it to have
been the prevailing party (*see Duane Reade v 405 Lexington, L.L.C.,* 19 AD3d 179 [1st Dept
2005]), if the party **cannot** demonstrate that  the claim(s) on which it prevailed were "central" to
its case, then it is not a prevailing party entitled to attorney's fees. *Blue Sage Capital, L.P. v Alfa
Laval U.S. Holding, Inc.*, *supra.* Thus where a plaintiff prevailed on only two of the seven subparts
of its claim, it was not the prevailing party (*see e.g. Excelsior 57th Corp. v Winters,* 227 AD2d
146 [1st Dept 1996]; *see also Lightbox Ventures, LLC v 3rd Home Ltd.,* 2018 WL 1779346, *17,
2018 US Dist LEXIS 63485, *46-47 [SD NY Apr. 13, 2018]). *Blue Sage Capital, L.P. v Alfa Laval
U.S. Holding, Inc.*, *supra.*

At bar, the lone NYLL Wage Statement/Notice claim on which plaintiffs prevailed was in no
way central to their claims. First, the issue of a wage statement/notice was not even an element of
any of the claims dismissed by this Court, let alone a central part of the "true scope "of plaintiffs'
claims. Second, the plaintiffs were seeking significant damages on their overtime claims. They
failed miserably in that regard. Instead they were awarded the statutory maximum recovery of $
5,000 for Sanchez and $ 2,500 for Palacio for defendants' not providing a wage notice/statement.
Third, the issues raised in the plaintiffs' claims which were dismissed involved issues of overtime,
which were not required to be proved in order for plaintiffs to prevail on their lone successful
claim. Fourth, under *O'Donnell,* successful prosecution of wage statement/notice claims under
New York law was held not be qualify for an award of attorney's fees when overtime claims
asserted simultaneously were dismissed. In *O'Donnell,* the Court denied any award of attorneys'

fees because the relief of the statutory maximum under the wage statement/notice claim was determined not to be central to the true scope of plaintiff's claims.

The attorney's fees and liquidated damages remedies provided in Labor Law § 198 "are limited to actions for wage claims founded on the substantive provisions of Labor Law article 6." *Gottlieb v Laub & Co.,* 82 NY2d 457, 464 (1993); *Capobianco v Incorporated Village of Massapequa Park*, 278 AD2d 268, 717 NYS2d 328, [2d Dept 2000]; *Scheer v Kahn,* 221 AD2d 515, [2d Dept 1995]. In so far as plaintiffs' claims at bar under the substantive provisions of Labor Law article 6 were dismissed, nothing in NYLL § 198 supports awarding plaintiffs attorneys' fees for claims dismissed **or** for their lone victory upon one of its two wage statement/notice claims.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the Court should (1) apply New York law in determining Plaintiff's Objections to the Magistrate's Recommendations and Report; (2) in doing so deny Plaintiff's objections;  and (3) issue an Order denying plaintiffs any attorneys' fees based upon the reasoning in *O'Donnell v. JEF Golf Corp.*

Thank you for your time and consideration of the foregoing.

Respectfully submitted

Lee R. Pearlman

cc. Magistrate-Judge Arlene R. Lindsay
    Neil Greenberg & Associates, Attorney for Plaintiffs.