```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE SANCHEZ AND ANTONIO
MEJIA PALACIO,,
                                                              MEMORANDUM & ORDER
                       Plaintiffs,                            16-CV-2064 (DRH)(ARL)
    -against-

FIRST CLASS HOME IMPROVEMENT, LLC,
FIRST CLASS ROOFING, INC.,
OCEANSIDE FIRST CLASS ROOFING, INC.,
and ETHAN SAGE (a/k/a JESUS MANUEL
TORRES CANDELARIA, a/k/a JESUS TORRES),

                       Defendants.
----------------------------------------------------------X
```

Presently before the Court is the Report and Recommendation of Magistrate Judge Arlene R. Lindsay, dated May 9, 2019 ("R & R"), recommending that plaintiff's motion for attorneys' fees and costs pursuant to New York Labor Law §§ 663(1) and 198 be denied with leave to renew based only on the work performed in connection with the successful wage notice claim. In essence, Judge Lindsay reasoned that because plaintiffs failed to prevail on their FLSA or state labor law overtime claims, the claims against First Class Roofing, Inc. and one of their two wage notice claims, a substantial reduction should be made for their lack of success and further that the successful and unsuccessful claims are not inextricably intertwined.

Plaintiffs have filed objections to the R & R. The purpose of this Memorandum is to address those objections. For the reasons set forth below, the Court declines to adopt the recommendation of Judge Lindsay and awards Plaintiffs a total of $47,281.11 in attorneys' fees and costs.

## BACKGROUND

I. The Claims Asserted

Plaintiffs Jose Sanchez ("Sanchez") and Antonio Mejia, Palacio ("Palacio"), commenced this action on April 26, 2016 against Oceanside First Class Roofing, Inc.

("Oceanside") and Ethan Sage ("Sage") to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL") Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2. They also asserted claims pursuant to NYLL § 195(1) and (3) alleging that defendants had failed to furnish them with wage notices and wage statements. Thereafter plaintiffs filed an Amended Complaint, on consent, joining First Class Home Improvement, LLC and First Class Roofing, Inc. as defendants.

**II.     The Court's Findings of Fact and Conclusion of Law**

A bench trial was held on November 26, 27, and 28, 2017 to determine the merits of the plaintiffs' contentions. By Memorandum and Order dated August 28, 2018, familiarity with which is presumed, the Court set forth its Findings of Fact and Conclusions of Law as required by Federal Rule of Civil Procedure ("FRCP") 52. In that decision, the claims against First Class Roofing, Inc. were dismissed as they were not pursued at trial. With respect to the remaining defendants, the Court found that the plaintiffs' federal and state overtime claims were without merit, finding their testimony regarding same unworthy of belief and contrary to all the other trial evidence on that point. It rejected, however, defendants' claim that plaintiffs were independent contractors; it found the evidence was overwhelming that plaintiffs were employees and further that defendant Sage was an employer in his individual capacity. Addressing the claim under New York Labor Law §§ 195(1) and (3), the Court noted that defendants admitted that they had failed to provide the plaintiffs with the wage notice and wage statement required by those sections. With respect to the wage notice required by §195(1), the Court found the penalty provisions inapplicable as plaintiffs commenced working for defendants before April 9, 2011. The penalty provision for failure to provide wage statements pursuant to §195(3) was applicable resulting in the maximum statutory award available to each of them, i.e., $5000 to Sanchez and $2500 to Palacio.

### III. The Motion for Attorneys' Fees and Costs

On September 10, 2018, the plaintiffs filed a motion for attorneys' fees and costs seeking $108,500.00 in attorneys' fees and $6,340.86 in costs. The motion was referred to Judge Lindsay for Report and Recommendation.

### IV. Judge Lindsay's R&R

In her May 9, 2019 Report and Recommendation (the "R&R"), Judge Lindsay notes that when a party is entitled to fees, a court calculates the " 'presumptively reasonable fee' by the lodestar method, which entails determining the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate'" and set forth the factors to be considered in that determination. (R&R at 5 (internal quotation marks omitted).) She goes on to state that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained and that a prevailing party is "not entitled to a fee award for unsuccessful claims that were based on different facts and different legal theories." (*Id*. at 6.) (internal quotation marks and citations omitted). Applying that precept, she reasoned that "a substantial reduction must be made for the plaintiffs' lack of success" because the plaintiffs did not prevail on their overtime claims and their wage notice claim. Moreover, she did not find that the successful and unsuccessful claims are inextricably intertwined as "plaintiffs could have independently sought damages relating to defendants' undisputed failure to provide wage notices." Accordingly, she recommended "that the motion for attorneys' fees and costs be denied with leave to renew based only on the work performed in connection with the successful wage notice claim."

### V. Plaintiff's Objections

Plaintiff's timely filed objections to the R &R, arguing that Judge Lindsay erred in determining that the successful §195(3) claim were not inextricably intertwined with their claim for

unpaid overtime by failing to consider the numerous overlapping issues and failed to sufficiently consider and apply relevant case law governing an award of attorneys' fees and costs.[1]

## DISCUSSION

### I. Governing Law – Attorneys' Fees

As noted above, Plaintiffs did not prevail on their FLSA and state law claims for overtime; they only prevailed on their wage statement claims under the New York Labor Law § 195(3). Thus, Plaintiff's claim for attorneys' fees is to be determined in accordance with New York Law.

New York follows the American Rule whereby each party bears its own attorneys' fees unless an award of fees is authorized by agreement between the parties, statute, or court rule. *See, e.g., Hooper Assoc., Ltd. V. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (N.Y. 1989). Here, the relevant statutory provision for an award of attorneys' fees is N.Y. Labor Law § 198 (1-d). That statute provides in pertinent part: "If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she *shall* recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." (emphasis added).

The foregoing language mandates an award of attorneys' fees whenever an employee succeeds on a claim for wage statements.[2] This is in contrast to the language in subsection 1-b

---

[1] Plaintiff asserts that Judge Lindsay erred in limiting her analysis to §195(1), a statute not at issue. However, it is appears that in referring to "wage notice claim," Judge Lindsay was referring to §195(3), albeit using imprecise language.

[2] The Court is aware of the decision in *O'Donnell v. JEF Golf Corp.*, -- N.Y.S. 3d --, 2019 WL 2528630 (3d Dept. June 20, 2019. Therein, the court upheld the lower court's finding that the plaintiff was not entitled to overtime compensation and rejected his claim that he was entitled to counsel fees based on the lower court's finding that the defendants had failed to provide a wage statement notice as required by Labor Law § 195(3) on the grounds he was not a prevailing party. The court stated: "Plaintiff alleged four distinct claims against defendants – they failed to pay him overtime compensation, they failed to pay him spread of hours wages, they failed to provide him with wage notice and wage statements, and they failed to reimburse expenses. Although plaintiff requested damages totaling approximately $171,000, he was awarded only a total of $2,500 on his claim that defendants failed to provide him a wage statement. As such, plaintiff was not successful to the central relief sought and thus was not a prevailing party." The cases cited by the *O'Donnell* court, however, did not involve claims under N.Y. Labor Law 195(3) but

which provides that an employee "may recover . . . costs and reasonable attorney's fees. N.Y. Labor Law § 198(1-b).

New York courts, like federal courts, use the lodestar method to determine the presumptively reasonable attorneys' fees. *See Gamero v. Koodo Sushi corp.*, 328 F. Supp. 3d 165, 172 (S.D.N.Y. 2018). While "New York courts have stated that, as a general rule, they will rarely find reasonable an award to a plaintiff that exceeds the amount involved in the litigation," *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1264 (2d Cir.1987), attorney's fees need not be proportional where an award of fees is needed to attract counsel or where the statute at issue vindicates important rights. *See, e.g, Riordin v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 54 (2d Cir.1992); *Diaz v. Paragon Motors of Woodside Inc.* , 2007 WL 2903920 (E.D.N.Y. 2007) *Podhorecki v. Lauer's Furniture Stores, Inc.,* 201 A.D.2d 947, 607 N.Y.S.2d 818 (4th Dep't 1994) ("There is no bright [ ] line rule that a fee award [pursuant to New York General Business Law § 396] . . . must be proportional to the amount at issue . . . .) For example, in FLSA cases the attorney's fees need not be proportional to the damages plaintiffs recover, because the award of attorney's fees in such cases encourages the vindication of Congressionally identified policies and rights. *See, e.g., Tucker v. City of N.Y.*, 704 F. Supp. 2d 347, 359 n. 10 (S.D.N.Y.2010) ("[S]ettled case law [is] that the setting of statutory [attorneys'] fees does not require proportionality between the plaintiff's recovery and the amount of the fee award.") *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 512 (S.D.N.Y.2010) ("The courts have rejected a per se proportionality rule, i.e., proportionally linking the prevailing party's attorneys' fees to the degree of monetary success achieved." ); *Baird v. Boies, Schiller & Flexner LLP*, 219 F.Supp.2d 510, 519–20 & n. 7

---

rather claims involving breach of contract. While decisions of intermediate court are "helpful indicators of how the state's highest court would rule," such decisions are not binding on the federal courts. *DeBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005). Here the language of § 198(1-d) is mandatory. In another case involving the New York Labor Law, albeit § 191-c, the Fourth Department, in apparent conflict with its holding in *O'Donnell*, found an award of attorneys' fees mandated in case where the plaintiff had only partial success given that the statue provides attorneys' fees "shall" be awarded. In view of the foregoing, the decision in *O'Donnell* is not persuasive.

(S.D.N.Y.2002) ("[A] limited monetary recovery does not preclude a substantial attorneys' fee award, for there is no requirement of proportionality .").

The lodestar figure is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). [T]he 'lodestar . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue,* 559 U.S. at 550) ("[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . .") (internal quotation marks omitted)). Thus, the Supreme Court has recognized that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id*. at 551. In calculating the lodestar amount, courts will take into account case-specific factors to help determine reasonableness of both the hourly rate and the number of hours expended. The factors include:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking into account the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation etc,) that an attorney might expect from the representation.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007).

"In fixing the lodestar a court may exclude any hours spent on severable claims. But where . . . the plaintiff's claims "involve a common core of facts or are based on related legal

theories and therefore not severable, attorney's fees may be awarded for unsuccessful claims as well as successful ones." *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004) (internal quotation marks and citations omitted). However, that claims may be intertwined does not preclude a court from considering the degree of success obtained by a plaintiff." *See id.* ("Although full fees may be awarded to a partially prevailing plaintiff when the underlying claims are intertwined, the court retains substantial discretion to take into account the specific procedural history and facts of each case.")*; Gamero,* 328 F. Supp. 3d at 177; *Echevarria v. Insight Medical P.C.*, 102 F. Supp. 3d 511 (S.D.N.Y. Apr. 29, 2015).

"The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Hugee v. Kimso Apartments, LLC,* 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing *Hensley*, 461 U.S. at 433). "A request for an award of attorneys' fees must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. In making a fee determination, district courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and the rates charged in a given case." *Trustees of Building Trades Educational Benefit Fund v. Pegasus Electric, Inc.*, 2019 WL 245457, at *6 (E.D.N.Y., 2019) (internal citations and quotation marks omitted); *see N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) (An application for attorneys' fees must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.")

## II.     Analysis of Claim for Attorney's Fees

### A.     Whether Plaintiffs' Claims Were Intertwined

Plaintiffs' principle objection to the R &R is its conclusion that the claim on which they succeeded, viz., the wage statement claim, was not intertwined with their unsuccessful claims for overtime compensation. Plaintiffs point out, among other things, that all the claims required them to prove that they were employees and that defendant Sage (in addition to the corporate defendants) was an employer. Because, at the very least, all of plaintiffs' claims required them to prove that they were employees of both Defendants.

In order to determine whether claims are intertwined, courts look at whether they are based on a "common core of facts," "related legal theories," or "require essentially the same proof." *Kerin v. U. S. Postal Serv.,* 218 F.3d 185, 194 (2d Cir. 2000).

New York Labor Law § 195(3) requires that an employer provide to employees, with each payment of wages, a statement covering certain specified items and § 198(1-d) provides for statutory damages for an employee who does not receive such a statement. Similarly, as explained in this Court's finding of facts and conclusions of law, overtime claims under both the FLSA and the New York Labor Law require that a plaintiff prove, inter alia, that he is an employee. (DE 38 at p. 4-5 (*reported at* 2018 WL 4100490, at *2).) Indeed, whether Plaintiffs were employee or independent contractor was the "threshold issue" vis a vis the overtime claims. *Id.* at 3. Moreover, "Defendants acknowledged that they did not furnish the Plaintiffs with [the wage statement] based on their avowed belief that Sanchez and Palacio were independent contractors." (*Id.* at 4-5.) Given that both the successful claim and the unsuccessful claims required Plaintiffs to prove that they were employees (as opposed to independent contractors) the claims are intertwined.

Accordingly, the Court agrees that Judge Lindsay erred in holding (1) that the successful claim was not intertwined with the unsuccessful claims and (2) that therefore plaintiff should resubmit a fee application based solely on the work performed in connection with the successful wage notice claim. Having upheld this objection to the R & R, the Court shall proceed to determine the amount of fees and costs to be awarded.

B.     **Reasonableness of Rates**

In determining reasonable hourly rates, the Court considers this Circuit's adherence to the "forum rule," which states that a district court should generally use the prevailing hourly rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009). "Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour," although some judges have recognized rates in this district of $300-$450 per hour for a partner. *Safeco Ins. Co. of Am. v. M.E.S., Inc.,* 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018); *see generally Leevson v. Aqualife USA Inc.*, 770 Fd. App'x 577, 583 (2d Cir. 2019) (summary order finding district court in the E.D.N.Y. acted within its discretion in finding a rate of $400.00 reasonable.); *Konits v. Karahalis*, 409 F. App'x 418, 422-23 (2d Cir. 2011) (summary order affirming a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour). Here, Mr. Reilly seeks an hourly rate of $450 per hour and Mr. Williams seeks a rate of $275.

The Court begins with Mr. Reilly, who has extensive experience in this area of law. As set forth in his affirmation, the courts in this District have awarded Mr. Reilly a rate of $300 per hour. (*See* DE 42-7 at p. 3.) While his firm may bill him at $450 an hour, as one court has noted this is at the high end of the acceptable range and is the maximum rate for senior law firm attorneys in FLSA cases. *See Gamero*, 328 F. Supp. 3d at 174, n.6. Here, given that this case was

not complicated, and considering the hourly rate set in other cases for Mr. Reilly, the Court finds $300 to be an appropriate rate.[3]

Having so reduced the rate for Mr. Reilly, a substantial reduction in the $275 sought for Mr. Williams is appropriate given that he has considerably less experience than Mr. Reilly. Rates in this district for senior associates range from $200-$300, while rates for more junior associates range from $100-$200 per hour. According to his declaration, Mr. Williams was admitted to practice in New York in 2015 and has "appeared as an attorney for mostly employees and a few employers in 62 [unidentified] cases since 2016." (DE 42-8 at pp. 1-2.) Based on the limited information provided, a rate of $150 for Mt. Williams is reasonable. *Cf. Cabrera v. Schafer*, 2017 WL 9512409, * 11 (E.D.N.Y. Feb. 17, 2017).

    **C.**       **Reasonableness of Hours Billed**

In awarding attorneys' fees, a court must review whether counsel billed a reasonable number of hours. To determine the reasonableness of the hours spent on the litigation, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Maldonado v. La Nueva Rampa, Inc.*, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting *Lundav v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Id*. (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) ). The court evaluates the contemporaneous records for reasonableness, *see Hensley*, 461 U.S. at 434, in light of its own experience and knowledge of the demands of the action. *See Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992); *Carey*, 626 F.3d at 1148. Although the court should not evaluate each challenged entry in isolation, the entry cannot be so vague as to bar the court from being able to

---

[3] The Court also notes that Mr. Reilly does not identify himself as a partner in his firm.

Page **10** of **13**

decipher its meaning in the context in which it appears. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998); *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, 2001 WL 1842042, at *6 (S.D.N.Y. May 30, 2001). The court may apply an across the board reduction for vague entries or for entries reflecting duplicative, inefficient, or unnecessary work. *See, e.g., Kirsch*, 148 F.3d at 172 (upholding a district court's decision to reduce the fee award by 20% for vague entries like "staff conference," "work on motion," and "letter to court"); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. Mar. 15, 2011) (reducing the total award by 7% in light of duplicative billing for conferences, and excessive time spent on certain projects); *Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc.*, 2008 WL 4925020 at *2 (S.D.N.Y. Nov. 10, 2008) (reducing the award by 5% "to take into account attorney hours billed for the performance of paralegal-type work, as well as duplicative charges."); *Trs. of the Bricklayers v. Helmer–Cronin Constr., Inc.*, 2005 WL 3789085, at *5 (S.D.N.Y. Oct. 24, 2005) (reducing the total number of hours billed by 20% where a majority of the entries consisted of vague statements such as, "Research," "Telephone call with client," "Study and Review file," and "Letter to Silkey"). There is, however, no per se rule that use of multiple attorneys by a prevailing party is unreasonable. *See Williamsburg Fair Housing Comm. v. Ross-Rodney Hous.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984); *Seigal v. Merrick*, 619 F.2d 160, 164 (2d Cir. 1980) (explaining that a prevailing party's decision to send more than one attorney to a deposition or to assist and observe during trial does not bar it from collecting fees).

Having set for the basic principles regarding reasonableness of hours billed, the Court shall now proceed to evaluate the reasonableness of the number of hours billed.

According to the material submitted, Mr. Williams spent 169.4 hours on this case, with two of those hours for travel time and Mr. Reilly spent a total of 139.7 hours, 3 of which were for travel. Defendants challenge the number of hours billed in two respects. First, they argue that Plaintiff's

limited success warrants at least a significant reduction in hours, if not a total denial of fees. Second, they claim that the 21.7 hours spent by Mr. Reilly preparing the fee application and notice of taxation of costs is clearly excessive.

Taking the latter object first, the number of hours preparing the fee application does seem to be high given the submission and therefore the Court will eliminate 5 hours from Mr. Reilly time. Having reviewed the time records submitted, the Court finds a further reduction is warranted for duplicity and excessiveness and the like. For example, Mr. Williams billed for "printing" and "serving" initial disclosure, work that should be performed by a paralegal or secretary. In another entry, he billed one hour to draft a letter seeking an adjournment and filing it on ECF, which is both excessive and work that could be performed by a non-lawyer. Overall a ten percent reduction in the number of hours billed by Mr. Williams is appropriate. Thus, the hours sought are reduced to 134.7 for Mr. Reilly and 152.5 for Mr. Williams. At the rates of $300 and $150 respectively, this would set a total fee award of $62,985.00.[4]

What is left is the issue of whether a reduction should be made given the limited success achieved by Plaintiffs. It is to this issue that that the Court now turns.

    D.    **Reducing the Award Based on Limited Success**

As noted above, that successful claims are intertwined with unsuccessful claims does not preclude an across the board reduction. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."); *Green*, 361 F.3d at 99.

---

[4] This amount was calculated as follows: 131.7 hours at $300 plus 3 hours of travel at $150 = $39,960.00 for Mr. Reilly and 152.5 hours at $150 plus 2 hours of travel at $75 =$23,025.00 for Mr. Williams.

Here, a further reduction of 35% is warranted. In reaching this conclusion, the Court has given some consideration to the enormous disparity between the damages sought ($146,263.00 (*see* DE 35-2)) and the damages awarded ($7,500.00). The principle reason, however, for the reduction rests in the following conclusions contained in the Court's Findings of Facts and Conclusions (DE 38): (1) the evidence of the hours they worked was "concocted" (*id.* at 18); (2) the inadequacy of their evidence was "rooted in the unbelievable character of much of the evidence present ed by plaintiff's concerning Sanchez's starting and ending times and Palacio's proof as to the latter" (*id.* at 20); and (3) finding each plaintiffs' testimony fell into the category of "deliberating proffering false information in an effort to bogusly create or inflate an overtime claim" (*id.* at 24). Such a subversion of the trial process warrants the foregoing reduction. *See Gamero*, 328 F. Supp. 3d at 178.

In sum, the Court finds that a reasonable attorney's fees for this matter is $40,940.25.

### III. Costs

Plaintiffs also seek an award of disbursements and costs in the amount of $6,340.86. The items for which costs are sought are filing and service fees, deposition and trial transcript costs, and interpreter fees. Appropriate documentation for each expenditure has been submitted. The items sought are recoverable, *see, e.g., Gamero,* 328 F. Supp. 3d at 178*; Cabrera*, 2017 WL 9512309*11, and the amounts for each are reasonable. The Court awards the full amount of costs sought.

**IT IS HEREBY ORDERED** THAT Plaintiffs' motion for attorneys' fees and costs is granted to the extent that Plaintiffs are awarded $40,940.25 in attorneys' fees plus $6,340.86 in costs for a total award of 47,281.11.

SO ORDERED.

Dated: Central Islip, New York         s/ Denis R. Hurley
      September 23, 2019         Denis R. Hurley
                                          United States District Judge